IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| MILITARY MOJO<br>4625 Dwarf Nettle Drive<br>Fort Worth, TX 76244,<br><br>  Plaintiffs,<br><br>VS.<br><br>MILITARY MOJO, LLC<br>Serve: Sally Fletcher, Resident Agent<br>1418 Bayside Drive<br>Edgewater, Maryland 21037<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Military MOJO files this Complaint against Military MOJO, LLC.

### I.

### PARTIES

1. Military MOJO (hereinafter, the "Partnership") is a partnership that is a citizen of Texas and Maryland.

2. Miguel Gutierrez (hereinafter, "Gutierrez") is a citizen of Texas and is a partner in the Partnership; Sally Fletcher is a citizen of Maryland.

3. Military MOJO, LLC (hereinafter, "MMLLC") is a Maryland limited liability company with its principal place of business in Anne Arundel County, Maryland.

### II.

### JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1121(a) because it presents a federal question arising under the Lanham Act. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a).

      5.      Venue is proper because defendant's principal place of business is in Maryland.

### III.

### FACTS

      6.      In February 2012, Gutierrez and Fletcher formed the Partnership, named it "Military MOJO," and did business under the name "Military-MOJO."

      7.      On or about October 16, 2012, Gutierrez and Fletcher entered into a written Partnership agreement (the "Agreement").

      8.      The Partnership operates job fairs where potential employers interview military officers who are looking to enter the civilian workforce.

      9.      The Partnership developed a logo and invested considerable sums promoting its trade name and developing a reputation with military officers, former military officers, and in-house recruiters and human resource departments.

      10.      On or about July 8, 2013, without the knowledge or consent of Gutierrez, Fletcher filed Articles of Organization for MMLLC using the exact same name as the partnership. On information and belief, Fletcher is the sole member of MMLLC and at all relevant times acted as an agent and member of MMLLC.

      11.      Fletcher and MMLLC thereafter opened bank accounts for the LLC in Maryland, and MMLLC thereafter began to conduct business as though it were the Partnership.

      12.      Fletcher ceased working for the Partnership and began devoting both her efforts and the resources of the Partnership to MMLLC.

      13.      Fletcher and MMLLC established a new web site using copy and a layout that the Partnership had been developing for its own use.

14. Fletcher and MMLLC caused the Partnership's URL (www.military-mojo.com) to redirect visitors looking for Military-MOJO to the counterfeit web site that the LLC controls (www.militarymojo.org). The MMLLC web site was clearly copied from the Partnership's—even going to the point of saying that MMLLC is "veteran and minority-owned," which applied to the Partnership because of Gutierrez' ownership (as a West Point alumnus and his Hispanic ancestry).

15. Fletcher and the MMLLC are using the Partnership's database and mailing list to divert business away from the Partnership and to the LLC.

16. Fletcher and MMLLC have hijacked the Partnership's LinkedIn Group, which has over 1,000 members, to divert business to MMLLC.

17. Fletcher and MMLLC have diverted the Partnership's social media channels such as Facebook, Twitter, and Google + to MMLLC.

18. Fletcher has been disparaging Gutierrez to his past business associates, as well as to business clients and to the MOJO staff members.

19. Fletcher and MMLLC have created a logo that is a substantial copy of the Partnership's logo in order to deceive the public into believing that they are dealing with the Partnership.

20. As a result of the activities alleged above, the Partnership has lost all of its business and has been completely deprived of revenue.

21. The actions of Fletcher and MMLLC are causing irreparable injury to the Partnership as the false advertising has caused MMLLC to completely supplant the Partnership in the minds of the consumers.

## COUNT I. UNFAIR COMPETITION (LANHAM ACT)

22. Plaintiff incorporates paragraphs 1 through 21.

23. Defendant has committed unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

24. The Partnership has sold admission to recruiting events and other goods and services under the name of Military-MOJO since February 2012. It has used the Military-MOJO mark continuously in United States commerce since that time.

25. The Partnership's services are sold on its web site www.military-mojo.com. The Partnership has advertised its services in social media such as Facebook, LinkedIn, Google +, and Twitter.

26. The Partnership has invested substantial time, effort and financial resources promoting its Military-MOJO trademark in connection with the marketing and sale of its goods and services in interstate commerce. The Military- MOJO trademark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of the Partnership, its quality products and its goodwill. The consuming public recognizes the Military-MOJO trademark and associates it with the Partnership.

27. The Partnership's Military-MOJO mark and logo are inherently distinctive as applied to the Partnership's goods and services that bear the mark.

28. Notwithstanding the Partnership's established rights in the trademark, Military-MOJO and logo, defendant adopted and used the confusingly similar trademark "Military MOJO," its domain name, www.militarymojo.org and logo in interstate commerce in connection with the sale and offering of the identical products and services.

29.     Without the Partnership's consent, Defendant has used the Military MOJO mark and logo in connection with the sale, offering for sale, distribution or advertising of its own goods and services.

30.     Defendant has engaged in their infringing activities despite having actual knowledge of the Partnership's use of the Military-MOJO mark and logo.

31.     Defendant's actions are likely to lead the public to conclude, incorrectly, that its goods and services originate with or are authorized by the Partnership, which will damage both the Partnership and the public.

32.     Defendant has advertised and offered its goods and services for sale using the Military MOJO mark with the intention of misleading, deceiving or confusing consumers as to the origin of its goods and of trading on the Partnership's reputation and good will.

33.     Defendant's unauthorized use of the Military-MOJO mark and logo in interstate commerce as described above constitutes trademark infringement and unfair competition under 15 U.S.C. § 1125(a) and is likely to cause consumer confusion, mistake, or deception.

34.     Defendant's unauthorized marketing and sale of its products and services in interstate commerce using the Military MOJO mark and logo constitutes a use of a false designation of origin or false representation that wrongfully and falsely designates MMLLC's products as originating from or connected with the Partnership, and constitutes the use of false descriptions or representations in interstate commerce in violation of 15 U.S.C. § 1125(a).

35.     As a direct and proximate result of Defendant's trademark infringement and acts of unfair competition, the Partnership has suffered and will continue to suffer loss of

income, profits and good will and Defendant has and will continue to unfairly acquire income, profits and good will.

36. Defendant's trademark infringement and acts of unfair competition will cause further irreparable injury to the Partnership if Defendant is not restrained by this Court from further violation of the Partnership's rights. The Partnership has no adequate remedy at law.

## COUNT II COMMON LAW TRADEMARK INFRINGEMENT

37. Plaintiff incorporates paragraphs 1 through 21.

38. Defendant has committed common law trademark infringement.

39. Plaintiff has no adequate remedy at law for the damages caused by Defendant's infringement.

## COUNT III COMMON LAW UNFAIR COMPETITION

40. Plaintiff incorporates paragraphs 1 through 21.

41. Defendant's actions constitute unfair competition in that Defendant is passing off the goods and services of MMLLC as those of the Partnership. The Partnership has no adequate remedy at law for the damages caused thereby.

42. Defendant's actions were done intentionally and willfully so as to entitle the Partnership to an award of punitive damages.

**COUNT IV FALSE USE OF DOMAIN NAME IN COMMERCIAL ELECTRONIC MAIL**

43. Plaintiff incorporates paragraphs 1 through 21.

44. On information and belief, Defendant initiated the transmission, conspired to initiate the transmission, or assisted in the transmission of commercial electronic mail that: is from a computer in the State or is sent to an electronic mail address that the sender knows or should have known is held by a resident of the State, is from a computer in the State or is sent to an electronic mail address that the sender knows or should have known is held by a resident of

the State, and uses the Partnership's Internet domain name or electronic mail address without its permission.

45. On information and belief, Defendant initiated the transmission, conspired to initiate the transmission, or assisted in the transmission of commercial electronic mail that contains false or misleading information about the origin or the transmission path of the commercial electronic mail.

46. On information and belief, Defendant initiated the transmission, conspired to initiate the transmission, or assisted in the transmission of commercial electronic mail that contains false or misleading information in the subject line that has the capacity, tendency, or effect of deceiving the recipient.

47. The Partnership seeks the penalty, damages, and attorney's fees provided under Md. Commercial Law Code Ann. § 14-3003.

## REQUEST FOR RELIEF

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that this Court enter an Order granting it the following relief:

a) Entering a judgment that Plaintiff's Military-MOJO trademark has been and continues to be infringed by Defendant in violation of 15 U.S.C. § 1125(a);

b) Entering a judgment that Defendant's use of Plaintiff's Military-MOJO trademark and Defendant's deceptively similar logo constitute federal unfair competition in violation of 15 U.S.C. § 1125(a);

c) Entering a judgment that Defendant's use of Plaintiff's Military-MOJO trademark and Defendant's deceptively similar logo violates Maryland's common law unfair competition laws;

d) Permanently enjoining and restraining the Defendant and each of its agents, employees, officers, attorneys, successors, assigns, affiliates and any persons in privity or active concert or participation with any of them from using the trademark Military MOJO with or without its accompanying logo, or any other designation alone or in combination with other words or symbols, as a trademark, trade name component or otherwise, to market, advertise, distribute or identify Defendant's products and services where that designation would create a likelihood of confusion, mistake or deception with the Partnership's mark;

e) Pursuant to 15 U.S.C. § 1116(a), directing Defendant to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

f) Pursuant to 15 U.S.C. § 1118, requiring that Defendant and all others acting under Defendant's authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels and other material in their possession bearing the infringing designation;

g) Ordering Defendant to transfer the www.militarymojo.org domain name to Plaintiff and to restore the military-mojo.com url so that it directs browsers to the Partnership's web site;

h) Awarding the Partnership all damages it sustained as the result of Defendant's acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

i) Awarding to Partnership all profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions, said amount to be trebled, after an accounting pursuant to 15 U.S.C. § 1117;

j) Awarding treble actual damages and profits pursuant to 15 U.S.C. § 1117(b) because Defendant's conduct was willful within the meaning of the Lanham Act;

k) Awarding Plaintiff his attorneys' fees and costs pursuant to 15 U.S.C. § 1117, because of the exceptional nature of this case resulting from Defendant's deliberate infringing actions;

l) Awarding Plaintiff its actual damages, punitive damages, and attorney's fees; and

m) Granting Plaintiff such other and further relief as the Court may deem just.

Respectfully submitted,

/S/
John T. Brennan
Maryland Federal Bar No. 15845
The Brennan Law Firm, LLC
133 Defense Highway, Suite 208
Annapolis, MD 21401
Telephone: (410) 266-3970
Facsimile: (410) 721-4284

*Attorney for Plaintiff*